IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET, #R-57214,          )
                                  )
         Plaintiff,               )
                                  )
vs.                               )   Case No. 18−cv–02108−NJR
                                  )
JOHN BALDWIN,                     )
JACQUELINE LASHBROOK,             )
LARUE LOVE,                       )
MICHAEL SCOTT,                    )
MARCUS MYERS,                     )
CAROL McBRIDE,                    )
IDOC,                             )
WEXFORD HEALTH CARE SOURCES,      )
NURSE KNOPE, and                  )
CHARLES HECK,                     )
                                  )
         Defendants.              )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Marc Norfleet, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Rehabilitation Act. This case is one of ten severed from *Norfleet v. Baldwin, et al.*, No. 18-cv-01758-MJR (S.D. Ill.), on November 21, 2018. (Doc. 1). At issue here are four claims (Counts 16 through 19) arising from Plaintiff's interactions with Nurse Knope and others at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 2, pp. 24-35). Plaintiff seeks money damages.[1] (Doc. 2).

---

[1] Plaintiff also requested injunctive relief in the original action, but the Court denied his request. (Doc. 1, pp. 12-13). He has not renewed the request for preliminary or permanent injunctive relief in this action, and the Court notes that is no longer housed at Pinckneyville where the events giving rise to Counts 16 through 18 occurred.

1

This severed case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in support of Counts 16 through 19 in the Complaint (Doc. 2, pp. 24-35): On September 30, 2016, Plaintiff received a disciplinary ticket in retaliation for writing grievances and "because of" his disability. (*Id*. at p. 24). Myers, McBride, and Heck would not call Plaintiff's witnesses at his disciplinary hearing. (*Id*. at p. 25). Then, on October 5, 2016, Nurse Knope retaliated against Plaintiff for complaining and "because of" his disability by issuing him a second disciplinary ticket. (*Id*. at p. 26). Wexford allows medical staff to issue tickets in violation of inmate due process rights. (*Id*. at p. 29). Plaintiff's second ticket was not properly served, and Baldwin and Lashbrook condoned this practice. (*Id*.). At Plaintiff's disciplinary hearing on the second ticket, Heck and Myers would not accept Plaintiff's handwritten statement, call his witnesses, recognize that Wexford employees cannot write or initiate disciplinary reports, or accept Plaintiff's version of the facts. (*Id*. at pp. 26-27). McBride was somehow involved. (*Id*.). Plaintiff was ultimately punished with one month of C-grade, one month of segregation, and six months of contact visit restrictions. (*Id*. at p. 28). Allegedly "on behalf of" Knope, Baldwin, Love, and Lashbrook, Scott discontinued Plaintiff's prescription medications (*i.e.*, Neurontin, Bachofen, and Ibuprofen) for undisclosed medical conditions on October 6, 2016.

(*Id*. at p. 31). Plaintiff wrote grievances complaining of the deprivation to Love, Scott, Lashbrook, and Baldwin. (*Id*.). Myers and McBride were also aware of the situation. (*Id*. at p. 35).

In the Memorandum and Severance Order, the Court designated the following four claims in this severed case:

**Count 16:** Knope retaliated against Plaintiff for being disabled and complaining in violation of Plaintiff's First Amendment rights by writing him a false disciplinary ticket.

**Count 17:** Knope, Baldwin, Lashbrook, Heck, Myers, and McBride violated Plaintiff's First and/or Fourteenth Amendment rights when he was disciplined pursuant to Knope's false and improperly served disciplinary ticket, sometime around October 5, 2016.

**Count 18:** Wexford has an unconstitutional policy or custom of allowing staff to initiate grievances in violation of Plaintiff's due process rights.

**Count 19:** Knope, Love, Scott, Lashbrook, Baldwin, Wexford, and IDOC conspired to retaliate against Plaintiff when Scott withdrew his medications for a month in violation of the First Amendment, Eighth Amendment, and/or Rehabilitation Act and ADA.

The parties and the Court will continue using this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The allegations offered in support of the severed claims violate Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Twombly*, 550 U.S. at 555. "[J]udges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Plaintiff's Complaint requires the Court to do just that. It is far from straightforward, simple, or concise. The allegations offered in support of Counts 16 through 19 are buried in a 52-page Complaint that has already been severed into eleven total lawsuits. While length alone does not typically warrant dismissal of a Complaint, unintelligibility and a lack of organization do. *Stanard*, 658 F.3d a 797-98; *Garst*, 328 F.3d at 378. These two problems go hand-in-hand because "[l]ength may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst*, 328 F.3d at 378.

In his Complaint, Plaintiff sparsely scatters potentially relevant facts in a sea of legal argument. The allegations offered in support of Counts 16 through 19 are generally set forth on pages 24-36. There, Plaintiff makes bald, conclusory, and at times nonsensical assertions in support of his claims. He presents part of the factual allegations necessary to develop his claims—forcing the Court to fill in the blanks. A closer look at each claim reveals these gaps in information.

For example, Plaintiff asserts that he was subject to retaliation by defendants when he was issued two disciplinary tickets because of his disability and his grievances or complaints. Plaintiff does not describe his grievances or what about his disability triggered this retaliatory conduct by the defendants. The allegations do not even satisfy the liberal notice pleading standard that governs retaliation claims. *Doyle v. Pasquino*, 207 Fed. Appx. 713, 714 (7th Cir. 2006). The Complaint need only set forth the minimum facts necessary to notify the defendants and the court of the nature of Plaintiff's claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The "bare minimum" in

4

this context are the facts necessary to apprise the defendants of "what the plaintiff did to provoke the alleged retaliation and what the[ defendants] did in response." *Higgs*, 286 F.3d at 439. The plaintiff must "reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct." *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2012) (Ripple, J. concurring). Plaintiff did not reference the grievance or complaint spawning the retaliation or provide any context for how his disability triggered it. He relies entirely on conclusory and bald assertions to support the retaliation claims in Counts 16 and 17 and the ancillary policy claim in Count 18.

Plaintiff also complains of due process violations at his disciplinary hearings. But no process is due, if no protected liberty interest is at stake. *O'Gorman v. City of Chicago*, 777 F.3d 885, 891 (7th Cir. 2015) (to state a due process claim, prisoner must first "allege that he has a cognizable liberty interest under the Fourteenth Amendment"). Inmates have a liberty interest in avoiding conditions which impose an "atypical and significant hardship" in relation to the ordinary incidents of prison life. *Mathews v. Brown*, -- F. App'x --, 2019 WL 1568073 (7th Cir. Apr. 11, 2019) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). Plaintiff's punishment with a month in segregation is not the type of "atypical" or "significant" hardship that triggers the right to due process of law in the first place. *See, e.g., Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (even a six-month stint in a cell with a confrontational cellmate, weekly shower access, weekly yard access, and psychological suffering is not clearly significant or atypical). He does not even describe the conditions there. Counts 17 and 18 cannot proceed as due process claims.

In connection with Count 19, Plaintiff complains of the denial of prescription medication. To state a claim under the Eighth Amendment, Plaintiff must demonstrate that he suffered from an objectively serious medical condition and that each defendant was deliberately indifferent to

the condition. *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019) (citing *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). Plaintiff does not identify what medical condition necessitated the medication, the defendant(s) responsible for withholding it, or whether they were on notice that he lacked access to it at the time they each ignored or denied his request for it. Plaintiff instead relies on vague and often sweeping allegations to support his claim in Count 19.

Finally, Plaintiff asserts that the defendants violated his rights under the Rehabilitation Act and the ADA "because of" his disability. Unfortunately, however, he offers no factual allegations in support of either claim. He fails to describe his disability or explain what programs or services he was denied. And even as a *pro se* prisoner litigant, he cannot rely on abstract recitations of the elements of a cause of action. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Rehabilitation Act and ADA claims are dismissed because they violate Rule 8 and also fail to state a claim for relief.

Moreover, the Complaint shall be dismissed for noncompliance with Rule 8 and for failure to state a claim upon which relief may be granted. However, the dismissal shall be without prejudice. If he chooses to proceed, Plaintiff must file an amended complaint according to the deadline and instructions set forth in the below disposition.[3] Failure to do so will result in dismissal of this action with prejudice and a "strike" within the meaning 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 16, 17, 18,** and **19** are **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8 and for failure to state a claim upon

---

[3] Pursuant to an Order entered by the Seventh Circuit Court of Appeals on April 9, 2019, the clerks of all federal courts in the Circuit must return unfiled any papers submitted either directly or indirectly by or on behalf of Plaintiff *until* he has paid in full all outstanding fees and any sanctions in all civil actions he has filed. *Norfleet v. Baldwin, et al.*, App. No. 19-1337 (7th Cir. Apr. 9, 2019) (Doc. 9). Thus, if he wishes to file an amended complaint in this action, he must first comply with the Seventh Circuit's Order.

which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 22, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 18-cv-02108-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 4/24/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**