IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, #R-57214, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–02108−NJR |
| | ) | |
| JOHN BALDWIN, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| MICHAEL SCOTT, | ) | |
| IDOC, and | ) | |
| WEXFORD HEALTH CARE SOURCES, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

This case is one of ten that was severed from *Norfleet v. Baldwin*, No. 18-cv-01758-MJR (S.D. Ill.), a civil rights action filed by Plaintiff Marc Norfleet pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Pinckneyville Correctional Center ("Pinckneyville"). This severed case involves four retaliation claims against Pinckneyville officials. (Doc. 1). On April 24, 2019, the Court screened these claims pursuant to 28 U.S.C. § 1915A and dismissed them for noncompliance with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted. (*See* Doc. 16) ("Order Dismissing Complaint").

Plaintiff was granted leave to file a First Amended Complaint on or before May 22, 2019. (Doc. 16, pp. 6-7). In the Order Dismissing Complaint, the Court recognized that Plaintiff was subject to a filing restriction prohibiting him from filing papers in any court in this Circuit until he paid all outstanding fees and sanctions owed in his civil actions. (Doc. 16, p. 6 at n.3) (citing *Norfleet v. Baldwin*, App. No. 19-1337 (7th Cir. Apr. 9, 2019) (Doc. 9)). The Court reminded Plaintiff of this filing restriction and granted him leave to file an amended complaint, only if he

1

first complied with the Seventh Circuit's Order. Plaintiff was warned that the action would be dismissed, if he failed to file the First Amended Complaint according to the deadline and instructions in the Order Dismissing Complaint. (Doc. 16, pp. 6-7) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). He was also warned that he would incur a "strike" under 28 U.S.C. § 1915(g). (*Id.*).

Prior to the deadline, Plaintiff attempted to file a First Amended Complaint. (Doc. 17). At the time, he remained subject to the Seventh Circuit's filing restriction. The Court therefore entered an order striking the First Amended Complaint on this basis and directing the Clerk to return it to Plaintiff. (Doc. 18). The deadline for filing an amended complaint expired on May 22, 2019. At least a week has passed, and the Court will not allow this matter to linger indefinitely. The action will be dismissed without prejudice to Plaintiff filing a *separate* suit to pursue these claims once the filing ban is lifted by the Seventh Circuit. But because the Complaint failed to state a claim upon which relief may be granted, the dismissal of this action shall count as one of Plaintiff's three allotted "strikes." 28 U.S.C. § 1915(g).

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for the reasons set forth above. This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g). *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998) (dismissal without prejudice may count as a strike, so long as dismissal is made because action is frivolous, malicious, or fails to state a claim).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 5/29/2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**